## In re CHICAGO RYS. CO.
### No. 63584.

District Court, N. D. Illinois, E. D.
Nov. 21, 1936.

Amos C. Miller, of Chicago, Ill.

Tenney, Harding, Sherman & Rogers, of Chicago, Ill.

Wilson & McIlvaine, of Chicago, Ill.

Cassels, Potter & Bentley, of Chicago, Ill.

Mayer, Meyer, Austrian & Platt, of Chicago, Ill.

Pam & Hurd, of Chicago, Ill.

David O. Dunbar, of Chicago, Ill.

Daniel J. Schuyler, Jr., of Chicago, Ill.

Townley, Campbell, Clark & Miller, of Chicago, Ill.

WILKERSON, District Judge.

The debtor has presented a motion requesting the court to approve the petition as properly filed and as filed in good faith. This court, on November 21, 1936, filed its findings and conclusions upon the objections to the special master's report and the reorganization plan in Harris Trust & Savings Bank v. Chicago Railways Company et al. (First National Bank of Chicago v. Chicago City Railway Company et al.), 17 F.Supp. 181.

The plan presented in the equity suit has the support of 85 per cent. of the bondholders and of more than two-thirds of each class of security holders of the debtor. There is not presented with the application for the approval of the petition a definite outline of a plan which it is claimed will command the support of the requisite percentage of each class of bondholders. There is no showing of a reasonable probability that the debtor will be able to obtain the consents for a plan which is materially different from the one upon which an overwhelming majority of the security holders have already agreed. Upon the showing now before the court, and in view of the facts stated in the opinion in the equity case, above referred to, the court cannot give to the debtor's petition the approval required by the statute. Tennessee Publishing Company v. American National Bank, 57 S.Ct. 85, 81 L.Ed. —, decided by Supreme Court November 9, 1936.

In view of the statement in the opinion in the equity suit, with reference to the application for a franchise by the new company to be organized under the reorganization plan, the debtor's petition will not be dismissed at this time. The application for its approval may be renewed if there is a material change in the situation in the equity suit with reference to the reorganization plan there presented.